Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
CATHERINE BARRON

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CATHERINE BARRON,<br><br>    Plaintiff,<br>  v.<br><br>NORTHLAND GROUP, INC.,<br><br>    Defendant. | **Case No.:**  2:15-cv-9392<br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, CATHERINE BARRON ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NORTHLAND GROUP, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in the Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Edina, Hennepin County, Minnesota.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, HSBC Bank, account number ending in 4296 ("Account").

21. Plaintiff's alleged debt owed to HSBC arises from transactions for personal, family, and household purposes.

22. On or about May 16, 2015, Defendant sent Plaintiff a collection letter.

23. The last payment Plaintiff made on this Account was in 2011.

24. If the debt is owed at all, the statute of limitations has passed.

25. The statute of limitations on a written contract in California is four (4) years.

26. Defendant is attempting to collect a debt on which the statute of limitations has expired.

27. Nothing in Defendant's collection letter disclosed that the debt was barred by the statute of limitations.

28. Nothing in Defendant's collection letter disclosed the date of the transaction(s) giving rise to the claimed debt.

29. It is the policy and practice of Defendant to send letters seeking to collect time-barred debts

that do not disclose the fact that they are time-barred.

30. It is the policy and practice to send letters seeking to collect time-barred debts that do not disclose the dates of the transaction(s) giving rise to the debts.

31. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Defendant engaged in unfair and deceptive acts and practices, in violations of the FDCPA, by dunning Plaintiff on a time-barred debt without disclosure of that fact.

33. The nondisclosure is exacerbated by the offer of a "settlement" in the dunning letter. *See* Exhibit A. An offer to settle implies a colorable obligation to pay.

34. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations;

   b. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status

of any debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

c.  Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

d.  Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiff, CATHERINE BARRON, respectfully requests judgment be entered against Defendant, NORTHLAND GROUP, INC., for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

37. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

38. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. Defendant violated the RFDCPA based on the following:

a.  Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et

5

seq.

WHEREFORE, Plaintiff, CATHERINE BARRON, respectfully requests judgment be entered against Defendant, NORTHLAND GROUP, INC., for the following:

40. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

41. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

42. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  December 3, 2015          By: /s/  Michael S. Agruss
                                         Michael S. Agruss
                                         Attorney for Plaintiff
                                         CATHERINE BARRON

6